**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br>    Respondent/Plaintiff<br>v.<br>Daniel Carrion,<br>    Petitioner/Defendant | **2:03-cr-00030-JAD-RJJ**<br><br>**Order Granting Motion to Dismiss for Lack of Jurisdiction and Referring Motion to Vacate to the Ninth Circuit Court of Appeals under Circuit Rule 22-3(a)**<br><br>[ECF Nos. 72, 74] |

Daniel Carrion brings this § 2255 motion to vacate his 180-month sentence in light of the United States Supreme Court's decision last term in *Johnson v. United States*, in which the Court held that the Armed Career Criminal Act's residual clause is void for vagueness.[1]  On May 16, 2015, I screened Carrion's motion and directed the government to file a response.[2]  The government now moves to dismiss Carrion's § 2255 motion for lack of jurisdiction and to refer the motion to the Ninth Circuit Court of Appeals for certification under § 2255(h).[3]  I find that Carrion's motion is a second or successive petition that requires certification from the Ninth Circuit Court of Appeals before I can consider it.  I therefore grant the government's motion to dismiss for lack of jurisdiction and refer Carrion's motion to the Ninth Circuit Court of Appeals under § 2255(h) and Ninth Circuit Rule 22-3(a).

**Discussion**

Title 28 of the United States Code section 2255 provides a mechanism for a criminal defendant to vacate, set aside, or correct his sentence by filing a motion in the court that imposed the sentence.  To file a "second or successive" § 2255 motion with the district court based on (1) newly discovered evidence or (2) a new, retroactive rule of constitutional law, the defendant must first

---

[1] ECF No. 72; *Johnson v. United States*,__U.S.__, 135 S.Ct. 2251, 2258 (2015).

[2] ECF No. 73.

[3] ECF No. 74.

obtain a certification from the appropriate court of appeals.[4] Ninth Circuit Rule 22-3 directs district courts to refer second or successive petitions improperly filed in the district court to the court of appeals.

When I initially screened Carrion's motion, I noted in a footnote that I deemed Carrion's motion not to be a second or successive motion requiring certification because *Johnson* was not available when Carrion filed his first § 2255 motion to vacate in 2006.[5] Now, with the benefit of full briefing on this issue, I find that Carrion's petition *is* a successive petition requiring certification from the Ninth Circuit Court of Appeals before I can consider it.

The AEDPA requires a district court to dismiss a second or successive application unless the petitioner "shows" that the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[6] The United States Supreme Court has explained that "this requirement differs from the one that applicants must satisfy in order to obtain permission from a court of appeals to file a second or successive petition."[7] The court of appeals may authorize a successive petition "only if it determines that the applicant makes a prima facie showing" that the application satisfies this standard.[8] These two standards suggest that Carrion's argument that his petition is not successive—and thus does not require certification from the court of appeals—is incorrect.

The cases that Carrion cites are both nonbinding and distinguishable. For example, Carrion cites the Ninth Circuit's unpublished decision in *Montalvo v. California Department of Corrections & Rehabilitation* for the proposition that a prisoner may file a second-in-time motion raising claims that became ripe for adjudication after the conclusion of the first habeas proceeding without first seeking authorization from the Ninth Circuit.[9] The *Montalvo* panel concluded that the district court

---

[4] 28 U.S.C. § 2255(h).

[5] ECF No. 73 at 1, n. 2.

[6] *Tyler v. Cain*, 533 U.S. 656, 661–62 (citing 28 U.S.C. § 2244(b)(2)(A); 28 U.S.C. § 2244(b)(4)).

[7] *Id.* at 662, n. 3.

[8] *Id.* (emphasis added).

[9] ECF No. 72 at 6.

improperly dismissed the defendant's petition as successive because the state action that the defendant sought to challenge in his second petition occurred *after* his first habeas petition (challenging a different state action) was denied.[10] Unlike in *Montalvo*, the challenged action in this case—Carrion's adjudication as an armed career criminal and resultant sentence—occurred before Carrion filed his first § 2255 motion. Most importantly, § 2255(h) explicitly requires appellate-court approval to file a successive petition based on newly discovered evidence or a new rule of constitutional law; the section does not mention or require certification for successive petitions based on a new injury that did not exist at the time the first petition was filed, like the petition in *Montalvo*.

I therefore find that, to file his motion in this court, Carrion must first obtain a certification from the Ninth Circuit Court of Appeals that his motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[11] Once Carrion obtains that certification, he may then file his motion in this court; he will then have the heightened burden to show that his motion satisfies the statutory standard.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **the government's motion to dismiss for lack of jurisdiction [ECF No. 74] is GRANTED. Carrion's motion to vacate [ECF No. 72] is DENIED without prejudice to its refiling once he has obtained authorization to file a second or successive petition from the court of appeals.**

The Clerk of Court is directed to **refer Carrion's motion to vacate [ECF No. 72] to the United States Court of Appeals for the Ninth Circuit as directed by Circuit Rule 22-3(a).**[12]

Dated this 8th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[10] *Montalvo v. Cal. Dept. Of Corr. & Rehab.*, 610 F.App'x 650, 651 (9th Cir. 2015).

[11] 28 U.S.C. §2255(h)(2).

[12] Circuit Rule 22-3(a) ("If a second or successive petition or motion . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.").