# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:03-cr-030-JAD-RJJ-1 |
| Respondent/Plaintiff | |
| v. | **Order Vacating Sentence under *Johnson v. U.S.*** |
| DANIEL CARRION, | ECF Nos. 72, 79 |
| Petitioner/Defendant | |

When Daniel Carrion was sentenced for being a felon in possession of a firearm after his 2004 guilty plea, the district judge found that he qualified for an enhanced 15-year sentence under the Armed Career Criminal Act (ACCA).[1] The Supreme Court invalidated a key provision of the ACCA—the residual clause—as unconstitutionally vague in *Johnson v. U.S.*[2] and recognized last spring in *Welch v. U.S.*[3] that *Johnson*'s rule applies retroactively.

Having exhausted his appeals, Carrion moves to vacate his sentence under 28 U.S.C. § 2255.[4] Although it is not clear from the record whether Carrion's sentencing judge enhanced his sentence under the ACCA's now-invalidated residual clause or another provision, I join the growing majority of courts that hold that once a defendant shows that his sentencing judge may have relied on the residual clause, he may use intervening case law to demonstrate that his prior convictions do not qualify under the ACCA's remaining provisions. And because Carrion has made that showing and his convictions no longer qualify for enhancement under the ACCA, I grant his motion.

---

[1] 18 U.S.C. § 924(e).

[2] *Johnson v. U.S.*, 135 S. Ct. 2251 (2015).

[3] *Welch v. U.S.*, 136 S. Ct. 1257 (2016).

[4] ECF No. 72.

**Background**

Title 18, section 922(g) of the United States Code makes it a federal felony for certain categories of people to possess firearms. The ACCA's violent-felony provision requires judges to impose a mandatory, 15-year minimum sentence for § 922(g) offenses when a defendant has three or more prior convictions for violent felonies.[5] Before *Johnson*, the ACCA offered three ways for a conviction to qualify as a violent felony: (1) it was for a crime that involved the use of force against someone (the force clause), (2) it was for a serious common-law crime like burglary or arson (the enumerated-offenses clause), or (3) it was for a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).[6]

Figuring out whether a defendant's prior convictions qualify as violent felonies under the ACCA has proven difficult. This area of the law is infamously confusing, and courts have described it as a "hopeless tangle"[7] and "a morass of inconsistent case law."[8] Indeed, the Ninth Circuit remarked in 2011 that "over the past decade, perhaps no other area of the law" had demanded more of the court's resources.[9]

Recent Supreme Court cases have made it increasingly difficult for the government to prove that a defendant's prior conviction qualifies as a violent felony. In several watershed cases, the Supreme Court announced significant changes so that many convictions that had previously qualified no longer do, particularly under the enumerated-offenses and force clauses.[10] This clampdown hit a

---

[5] 18 U.S.C. § 924(e)(2)(B).

[6] *Id.*

[7] *Murray v. United States*, No. 96-CR-5367-RJB, 2015 WL 7313882 at *5 (W.D. Wash. Nov. 19, 2015).

[8] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this clause "has stymied law clerks and judges alike in a morass of inconsistent case law").

[9] *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 917 (9th Cir. 2011), *abrogated by Descamps v. United States*, 133 S. Ct. 2276 (2013).

[10] *See, e.g.*, *Descamps*, 133 S. Ct. at 2283 (severely limiting the circumstances under which courts may look beyond the statute of conviction to determine whether an offense qualifies as a violent

high-water mark in *Johnson* when the Court struck down the residual clause as unconstitutionally vague,[11] leaving the enumerated-offenses and force clauses as the only remaining avenues to sentence a defendant under the violent-felony enhancement. And just last year in *Welch*, the High Court held that *Johnson*'s rule is a substantive one that applies retroactively on collateral review.[12]

But when Carrion pled guilty to being a felon in possession of a firearm in violation of § 922(g) back in 2004, it was much easier to qualify a prior conviction as a violent felony under the ACCA.[13] Unsurprisingly, Carrion's pre-sentence investigation report suggested that his prior California convictions for assault with a deadly weapon and robbery qualified him as an armed career criminal.[14] The sentencing judge adopted that conclusion and sentenced Carrion to the statutory mandatory minimum of 15 years in prison. In doing so, the judge did not explicitly reference which of the ACCA's three clauses Carrion's prior convictions qualified under,[15] and there is no evidence anywhere in the record that he relied on any one clause.[16] The Ninth Circuit affirmed the sentence, agreeing that Carrion's prior convictions qualified as violent felonies under the ACCA's force clause or residual clause.[17]

---

felony, with the net result that many offenses that had previously qualified for violent-felony status no longer do); *United States v. Dixon*, 805 F.3d 1193, 1195 (9th Cir. 2015) (finding that robbery convictions under Cal. Penal Code § 211 do not qualify under the remaining violent-felony clauses).

[11] *Johnson*, 135 S. Ct. 2563.

[12] *Welch*, 136 S. Ct. at 1268.

[13] ECF No. 22.

[14] ECF No. 25.

[15] ECF Nos. 27, 29.

[16] In excerpts included in Carrion's 2004 objections to the pre-sentencing report, it appears that the sentencing judge found that Carrion's convictions fell under one of the violent-felony clauses, not any single one. *See* ECF No. 25.

[17] ECF Nos. 45, 46. Carrion's 2007 motion to vacate his sentence (arguing ineffective assistance of counsel and seeking resentencing under *Booker*) was denied. ECF No. 61.

Carrion now moves to vacate his ACCA-enhanced, 15-year sentence under *Johnson*.[18]  He avers that without the ACCA enhancement and with acceptance of responsibility, his range of imprisonment under the sentencing guidelines would have been 30–37 months,[19] and his statutory maximum sentence was ten years.  Based on my rough math, he is now in his fourteenth year of federal custody.[20]

**Discussion**

Carrion would normally be foreclosed from challenging his sentence because he exhausted his direct and collateral appeals.  But he contends that his motion falls under 28 U.S.C. § 2255's narrow exception that allows a defendant to bring a successive petition when the Supreme Court announces a new, retroactive rule of constitutional law that impacts his sentence.  Here, that rule is *Johnson*'s invalidation of the ACCA's residual clause.

But whether Carrion can benefit from *Johnson* it is not readily apparent.  The record does not reflect whether he was actually sentenced under the residual clause because the judge did not articulate which ACCA provision he was relying on to qualify Carrion's priors as violent felonies, so it is not clear whether Carrion's challenge is based on *Johnson*'s ruling as § 2255 requires.  The parties agree that the judge adopted the probation office's pre-sentence investigation report, which simply concludes that Carrion qualified under one of the three subsections (not any specific one).[21]  Carrion's prior convictions are for robberies and armed assault.  These offenses could plausibly have qualified as violent felonies in 2004 under either the force clause (because they involved threats of force) or the residual clause (because they otherwise posed danger to others).  And because the residual clause was the broadest of the ACCA's clauses, it may be more likely that this was the

---

[18] The Ninth Circuit authorized Carrion to bring this second § 2255 motion to raise a *Johnson* challenge.  ECF No. 78.

[19] Carrion did not provide the pre-sentence investigation report itself.  This case was reassigned to me because the sentencing judge has retired.

[20] It appears from the record that Carrion has been in federal custody since May 2003.  ECF Nos. 4 (writ of habeas corpus ad prosequendum); 10 (detention order).

[21] ECF No. 25.

clause that the sentencing judge relied on.[22] The best I can do on this record, really, is guess whether the sentencing judge had the residual clause in mind when he determined that Carrion's prior convictions were violent felonies that required him to sentence this defendant to at least 15 years in prison.

The parties offer diverging views about what I should do when the record is unclear on this point. The government argues that Carrion must prove, based on the state of the law at the time of his sentencing, that the judge could not have applied the ACCA's enhancement under the enumerated-offenses or force clauses—both left untouched by *Johnson*. If so, *Johnson* is not truly implicated and Carrion has no new constitutional rule to unlock § 2255's door. Carrion agrees that whether *Johnson* is implicated depends on whether his priors qualify under the ACCA's still-valid clauses. But he argues that I must make that determination using the cases decided since his sentencing, under which it does not appear that he qualifies for ACCA enhancement. So I first tackle the question of which law I use to determine whether *Johnson* impacts Carrion's sentence and may serve as a basis for this successive § 2255 motion: the law as it was when Carrion was sentenced—or as it stands today?

**A.    The threshold question: can Carrion raise a *Johnson* challenge under § 2255 when the sentencing judge did not expressly state that he relied on the residual clause?**

Section 2255 permits a defendant to file a successive petition based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."[23] Carrion argues that his motion is based on *Johnson* because its invalidation of the residual clause, coupled with recent case law indicating that his offenses no longer qualify under the other clauses, affords him relief. The government sees the proper question as whether *Johnson* by itself affords Carrion relief, and because Carrion's motion relies on additional, non-retroactive cases and not just *Johnson*,

---

[22] It appears that many sentencing courts have enhanced sentences under the ACCA without identifying which clause the defendant's prior convictions fell under. *See United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667, at *8 (D. Nev. Jan. 3, 2017).

[23] *Id.*; *see also* 28 U.S.C.A. § 2255(h). The statute also allows for successive petition based on newly discovered evidence under certain circumstances.

he cannot avail himself of § 2255.  On this issue, the courts are divided.

### 1. Some courts conclude that if a defendant needs to rely on intervening, non-retroactive case law to advance his <u>Johnson</u> claim, then he has not met the requirements of § 2255.

A number of district and appellate courts have held that a court cannot look to current case law when determining whether the residual clause was implicated in a defendant's sentencing. They conclude that if a defendant needs intervening, non-retroactive case law to advance his *Johnson* claim, then he cannot avail himself of § 2255.  These courts reason that how the defendant was actually sentenced matters.  If the defendant cannot show, as a factual matter, that his sentencing judge would have been unable at the time of sentencing to use one of the ACCA's other clauses, he cannot meet his burden to show that the residual clause was implicated in his sentence and his motion is thus based on *Johnson's* invalidation of the residual clause.[24]  These courts characterize motions like Carrion's as an improper attempt to use *Johnson* "as a portal to raise [other case law]-based claims about [the] ACCA's" other clauses[25] because, without the benefit of intervening case law about the force and enumerated crimes clauses (which are clearly not retroactive), these defendants would have no grounds for relief.

For example, in *Ziglar v. United States*, a District of Alabama court explained that it does not matter whether, "if sentenced today, [the defendant] would not be ACCA eligible based upon the

---

[24] *See Kane v. United States*, No. 1:16-CV-00146-MR, 2016 WL 7404720, at *3 (W.D.N.C. Dec. 21, 2016) ("Whether a petitioner was sentenced under the residual clause is determined *as of the time of his sentencing*."); *Traxler v. United States*, No. 1:16-CV-747, 2016 WL 4536329, at *5 (W.D. Mich. Aug. 31, 2016);  *Ziglar v. United States*, No. 2:16-CV-463-WKW, 2016 WL 4257773, at *9 (M.D. Ala. Aug. 11, 2016); *Peek v. United States,* No. CR408-221, 2016 WL 4926431, at *3 (S.D. Ga. Sept. 14, 2016); *Perez v. United States,* No. 16-22379-CIV, 2016 WL 6996150, at *3 (S.D. Fla. Nov. 28, 2016); *Dimott v. United States*, No. 2:06-CR-26-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016); *Louice Burgess v. United States,* No. CR493-205, 2016 WL 4618814, at *2 (S.D. Ga. Sept. 6, 2016); *King v. United States*, No. 16-22261-CIV, 2016 WL 4487785, at *9 (S.D. Fla. Aug. 24, 2016); *Leone v. United States*, No. 16-22200-CIV, 2016 WL 4479390, at *9 (S.D. Fla. Aug. 24, 2016); *In re Hires*, 825 F.3d 1297, 1299 (11th Cir. 2016); *In re Thomas*, 823 F.3d 1345, 1347 (11th Cir. 2016); *In re Griffin*, 823 F.3d 1350, 1353 (11th Cir. 2016); *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016).

[25] *Hires*, 825 F.3d at 1299.

combined holdings of *Johnson* and" other recent case law; all that matters is whether the defendant was ACCA-eligible based on the case law in existence at the time of the defendant's sentencing.[26] The Eleventh Circuit similarly opined in *In re Hires* that "what matters here is whether, at sentencing, [the defendant's] prior convictions qualified [under] the residual clause." And because Hires's "convictions qualified under [another clause], that settles the matter for *Johnson*-residual clause purposes."[27]

Some of these cases go so far as to suggest that even if the state of the law at the time of sentencing strongly indicated that the sentencing judge could not properly use one of the other clauses, that is still not enough without some affirmative evidence that the sentencing judge actually meant to use the residual clause in his sentencing decision.[28] Ultimately, these courts emphasize the well-settled principle of a conviction's finality and the "clear legislative directive" that a defendant in habeas proceedings is generally not entitled to the benefit of intervening case law and must rely instead on the "law as it existed at the time of sentencing."[29]

> **2.  Other courts find that <u>Johnson</u> is implicated if its holding, combined with intervening case law, would afford the defendant relief.**

Another sizeable group of courts has taken the opposite approach, allowing defendants to rely on *Johnson* in combination with recent, intervening case law to challenge their sentences under § 2255.[30] Most courts in this camp require a defendant to show some possibility that the sentencing

---

[26] *Ziglar*, No. 2:16-CV-463-WKW, 2016 WL 4257773, at *9.

[27] *Hires*, 825 F.3d at 1303.

[28] *See Traxler*, No. 1:16-CV-747, 2016 WL 4536329, at *5 ("Regardless of how the Court would sentence Movant with the benefit of *Descamps* and *Mathis* today, the relevant question is how the Court did in fact sentence him. If Movant was sentenced under the enumerated-offenses clause, even improperly so, then Johnson's invalidation of the residual clause does not affect his sentence.").

[29] *King*, 2016 WL 4487785, at *8–9.

[30] *See, e.g., Avery,* 2017 WL 29667, at *1; *Curry v. United States,* No. 05-CR-20399-SEITZ, 2016 WL 7009193, at *5-6 (S.D. Fla. Oct. 14, 2016) ("With regards to the law governing a *Johnson* claim, the current state of the law, including cases such as *Descamps* and *Mathis*, should be applied to determine whether relief is warranted."); *United States v. Harris*, 2016 WL 4539183 (M.D. Pa. Aug.

judge might have relied on the residual clause.³¹  Once that low hurdle is surmounted, intervening case law can then be used to determine whether the defendant was harmed by this potential error, i.e., whether the convictions would qualify as violent felonies under one of the ACCA's remaining clauses under current case law.³²  Under this approach, a plausible argument that *Johnson* is implicated gets the defendant through § 2255's gate, and intervening case law can then be used to show that the residual clause impacted the defendant's sentencing.

The Ninth Circuit has applied this possible-reliance-plus-current-case-law approach—albeit in an unpublished decision—squarely holding that the mere possibility that the residual clause played a role in a defendant's sentencing is enough to qualify for relief under § 2255 and that intervening case law plays into this determination.  In *United States v. Christian*, the district court was faced with the same situation I now face.  Christian challenged his sentence under § 2255 and *Johnson*, and it was unclear whether the sentencing judge had relied on the residual clause.³³  Christian urged the district court to use the more favorable cases decided after his sentencing to determine whether his convictions would qualify as violent felonies under the ACCA's other clauses.³⁴  The district court declined to do so, holding that what mattered was whether Christian qualified under those other

---

31, 2016); *Smith v. United States*, 2015 WL 11117627 at *6 (E.D. Tenn. Nov. 24, 2016) (in an initial § 2255 motion, applying Sixth Circuit case law from 2011 when assessing whether conviction qualified under the force clause, even though the defendant was sentenced in 2006); *United States v. Ladwig,* 192 F. Supp. 3d 1153 (E.D. Wash. 2016); *In re Adams*, 825 F.3d 1283, 1285–86 (11th Cir. 2016); *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016).

³¹ Other courts allow a defendant to use intervening case law to show that he should be given relief under *Johnson* even if his sentencing judge explicitly stated that he was *not* sentencing the defendant under the residual clause.  *See, e.g., Curry,* 2016 WL 7009193.  Still others reason that using more recent cases to navigate the ACCA's confusing landscape makes practical sense because sorting out the state of the law at the time of sentencing can be difficult.  *See, e.g., Ladwig,* 192 F. Supp. 3d 1153 at *3.

³² *Adams,* 825 F.3d at 1285–86.

³³ *United States v. Christian*, No. CR-02-56-EFS, 2016 WL 1229080, at *6 (E.D. Wash. Mar. 28, 2016), rev'd, No. 16-35247, 2016 WL 4933037 (9th Cir. Sept. 16, 2016).

³⁴ *Id.*

clauses at the time of his sentencing.[35]

On appeal, the Ninth Circuit panel reversed, finding that it was enough that Christian established that his sentencing judge may have relied in part on the residual clause.[36] The panel then applied intervening cases that the district judge had refused to consider to conclude that Christian's prior convictions did not trigger the ACCA.[37] The panel cited to the Eleventh Circuit's opinion in *In re Adams* for the proposition that post-sentencing ACCA case law applies "retroactively to evaluate a *Johnson* claim raised in a second or successive § 2255 motion."[38] The *Adams* court reasoned that, because "the ambiguity surrounding the sentencing court's decision requires [the court] to look to the text of" the ACCA, the court "should look to guiding precedent" including recent cases "to ensure [that it applies] the correct meaning of the ACCA's words."[39]

### 3. I join the group of courts that allow defendants to use intervening cases to show that the residual clause is implicated in their sentence when the record is unclear about whether the sentencing judge relied on it.

Looking to the state of the law at Carrion's sentencing makes some sense. It aligns with well-settled principles of finality and collateral review. And isn't the right question to ask on habeas review whether *Johnson's* invalidation of the residual clause would have mattered to Carrion's sentencing judge? On the other hand, a rule that requires judges to take a research trip back in time and recreate the then-existing state of the law—particularly in an area of law as muddy as this one—creates its own problems in terms of fairness and justiciability. And I cannot ignore the fact that fundamental rights of due process and liberty are implicated.

The tie breaker for me is the fact that the Ninth Circuit has already weighed in on this issue. I

---

[35] *Id.*

[36] *United States v. Christian*, 2016 WL 4933037, at *1.

[37] *Id.*

[38] *Id.*

[39] *Adams*, 825 F.3d at 1286 (citing *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 n. 12 (1994) ("[W]hen this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law.").

am aware that it did so in an unpublished decision and that I am thus not bound to follow it. Still, it is some indication of how the Ninth Circuit would approach and resolve this threshold issue. The *Christian* opinion is also persuasive—and it is squarely on point with this case. The government makes the same argument here that the Ninth Circuit rejected. I therefore adopt the approach used by the Ninth Circuit panel in *Christian* and by a growing number of other courts, and I conclude that a defendant merely needs to show that the sentencing judge may have relied on the residual clause; once that showing is made, he may rely on intervening case law to show that his prior convictions do not qualify as violent offenses under the ACCA's remaining clauses.

Carrion has made that threshold showing. The record does not reveal whether the sentencing judge relied on the residual clause to qualify Carrion's priors as violent felonies under the ACCA. The government does not dispute that it is perfectly plausible (perhaps even likely) that the sentencing judge could have relied on the residual clause when he sentenced Carrion. Because the judge may have relied in part on the now-invalidated residual clause, Carrion may bring this *Johnson* challenge under § 2255 and rely on post-sentencing cases to show that his convictions do not trigger the ACCA.

**B.     Carrion's prior convictions no longer qualify as violent felonies under the ACCA.**

The government does not deny that Carrion's prior convictions no longer qualify as violent felonies under the ACCA today—and understandably so.[40] The three felony convictions used to justify Carrion's 15-year sentence under the ACCA were two convictions for second-degree robbery under California Penal Code § 211, and a third conviction for assault with a deadly weapon under California Penal Code § 245(c). The Ninth Circuit has made this analysis an easy one: it held in *United States v. Dixon* in 2015 that "a conviction for violating CPC § 211 cannot serve as a predicate 'violent felony' conviction for the application of a mandatory minimum sentence under the ACCA."[41] Subtracting out these two robbery convictions leaves Carrion without the three violent-

---

[40] *See* ECF No. 81 (government's response arguing only that Carrion has failed to show that *Johnson* applies).

[41] *Dixon*, 805 F.3d at 1199.

felony predicates needed to sustain an ACCA sentence enhancement.[42] I therefore vacate Carrion's sentence and resentence him to the statutory maximum of ten years. Carrion has already served longer than this, so he is eligible for immediate release.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Carrion's motion to vacate or set aside his sentence **[ECF No. 72] is GRANTED.**

IT IS FURTHER ORDERED that **Carrion is resentenced to a term of imprisonment of ten years.**

IT IS FURTHER ORDERED that the terms of supervised release imposed by the sentencing judge are re-imposed.

IT IS FURTHER ORDERED that the United States has seven days to submit a brief showing cause why Carrion should not be immediately released, and either party has seven days to show cause why the court should hold a sentencing hearing. If no cause is shown to delay release or hold a sentencing hearing by this deadline, the court will direct the Federal Bureau of Prisons to release Carrion without further notice.

IT IS FURTHER ORDERED that the Motion to Expedite Scheduling Order **[ECF No. 79] is DENIED** as moot.

Dated this 17th day of February, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[42] Because I need not determine whether Carrion's remaining § 245(c) conviction also qualifies as a violent felony, I do not.